# EXHIBIT D

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA

VS

DYSON, HAROLD DELANE

DEFENDANT

## PROBATION OFFICER'S REPORT AND RECOMMENDATION

EVENT NAME    DYSON, HAROLD DELANE
C.I.I. NAME   DYSON, HAROLD DELANE
ADDRESS       4130 Webster St., Oakland, CA

JUDGE            Golde
DEPARTMENT NO.   09

D.O.B.    05/29/57    (AGE: 26)
DOCKET NO.    77612

SEX       MALE         ETHNIC   BLACK
HT.   5FT   WT. 162    HAIR     BLACK
C.I.I. NO.   07401418

REFERRAL DATE    01/04/84
COURT DATE       02/01/84
DEFENSE ATTORNEY PD-BROWNE

CEN.    3011165

PFN.    ANJ502

REPORT BY    Ron Locke
             DEPUTY PROBATION OFFICER

CHARGES FILED    PC 187 U/GBI F; PC 187 2ND/U F

CURRENT CHARGES    PC 187 2ND/U F

CHARGE STATUS    PLEA

DATE AND PLACE OF    ARREST              ARREST AGENCY    OAKLAND PD
02/06/83  1500 BL SAN PABLO AV OA

CURRENT CUSTODY STATUS    IN CUSTODY        DAYS IN JAIL THIS CHARGE    360 days

CUSTODY STATUS THIS CHARGE    IN CUSTODY
                              O.R. ON                BAILED ON          AMOUNT $ 150,00

                    LIVES                            INCOME
MARRIED:  Yes____  No X  WITH _____                SOURCE _____

FORM 240-58 (REV 9-78)

## CRIMINAL HISTORY

Clearance has been received from both the CII and FBI. Both indicate the defendant has no previous arrests.

## PRESENT OFFENSE

<u>Negotiated Plea</u>: The defendant pled guilty to murder in the second degree.

<u>District Attorney's Statement</u>: Deputy District Attorney Alexander Selvin has submitted a statement which is attached.

<u>Defense Attorney's Statement</u>: Assistant Public Defender Judith A. Browne has submitted a statement which is attached.

<u>Defendant's Statement</u>: Attached to the Public Defender's letter is a lengthy statement regarding the offense that the defendant wrote ten months ago to his attorney.

During the course of this investigation the defendant indicated that the killing was a result of a "lot of mental pressure" which caused the defendant to "lose his head." He indicates he had a gun in his car as he lived in a high crime area and he had to park his car in a garage on a dark side street.

<u>Time in Custody</u>: It has been verified by the booking officer at the Courthouse Jail that the defendant has been in custody continuously since February 6, 1983. He is entitled to 360 calendar days credit for time served.

## SOCIAL FACTORS

<u>Background</u>: The defendant is the youngest of ten children that his mother had. His mother, Jenniver Coleman Dyson, raised the defendant and his siblings under difficult circumstances. She is now 62 and retired, however, she worked as a dietician through the defendant's formative years. The defendant indicates that his father, Neal Washington, who is now deceased, did not live with his mother and the defendant states that he did not know him.

<u>Educational History</u>: The defendant reports that he graduated from John Adams High School in San Francisco in 1976.

<u>Employment History</u>: The defendant worked as a truck driver for three and one-half years for Sky Chef, the catering subsidiary of American Airlines. He worked at the airport in San Francisco on the swing shift and was paid $7.45 per hour. He worked there until arrested in the present matter.

<u>Health and Habits</u>: The defendant claims to be in good health. He complains of "nerves" and takes prolixin for this condition. He was taking this drug at the time of the present offense and it was prescribed by Dr. Stanley Hill of Kaiser in San Francisco.

The defendant acknowledges the use of marijuana and alcohol. He describes both as occasional usage. Neither substance was a factor in the instant matter.

Financial Status: The defendant has no income at present. He owns a 1965 Mustang automobile and owes approximately $445 to a credit union and his doctor.

Pending Matters: The defendant reports that he was in the mess hall at Santa Rita when a riot broke out. He states that this case is to be dismissed as there is no evidence against him.

SENTENCING FACTORS

Rule 414: Criteria Affecting Probation:

(a): In the absence of unusual circumstances, the defendant is not eligible for probation.

(b): The defendant is a danger to others if not imprisoned.

(c)(1): The offense was serious.

(c)(2): The victim was not particularly vulnerable, however, the degree of harm was total.

(c)(3): The defendant was armed with and used a weapon.

(c)(4): Bodily injury was inflicted.

(c)(5): The instant offense was not planned, however, the defendant was an active participant.

(d)(1): The defendant has no prior record of arrests.

(d)(3): The defendant is unable to comply with the terms of probation at the present time.

(d)(4): Factors listed here appear satisfactory excepting possibly mental faculties.

(d)(5): Factors listed here are adequate.

(d)(9): The defendant is remorseful.

Rule 416: Criteria Affecting Probation in Unusual Cases:

(a): The defendant was armed with a deadly weapon, the offense was committed without advance planning and the defendant has no record of committing violent crimes.

(b): Bodily injury was inflicted and the same factors noted above apply.

(e): According to Dr. Benson's letter which is attached, the crime was committed because of psychological problems not amounting to a defense.

(f): The defendant is 26 years of age and has no prior record.

Rule 421:   Circumstances in Aggravation:

(a)(1):  The crime involved great violence.

(a)(2):  The defendant was armed with and used a weapon.

Rule 423:   Circumstances in Mitigation:

(b)(1):  The defendant has no prior record.

(b)(2):  He suffered from a mental condition that may have significantly reduced his culpability.

(b)(3):  The defendant acknowledged wrongdoing in the early stages of the criminal process.

## EVALUATION

The defendant pled guilty to murder in the second degree. He is to be sentenced to the term prescribed by law. He has no prior history of arrests.

The defendant killed a fellow motorist following a minor traffic accident. The defendant's psychological state at the time is very well described by Dr. Benson in his attached report.

Because of the circumstances of the offense, the plea bargain appears reasonable and its implementation is recommended.

## RECOMMENDATION

It is respectfully recommended that probation be denied.

Date typed:   1/30/84                   Respectfully submitted,
mf

                                        PAUL GREEN
                                        CHIEF PROBATION OFFICER
Reviewed by:  Harold Klein
              Unit Supervisor


                                        By:  Ron Locke
I have read and considered                   Deputy Probation Officer
the foregoing report.



JUDGE, SUPERIOR COURT

-4-