# EXHIBIT F

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**      Dept. No. 9

Date                        Hon. LARRY J. GOODMAN, Judge          Fil R. Cruz, Deputy Clerk.
                                                                  Not Reported, Reporter

IN RE
HAROLD D. DYSON                                    Counsel appearing       No Appearance
                                                  for Petitioner
                          Petitioner

vs.                                               Counsel appearing       No Appearance
                                                  for Respondent

PEOPLE OF THE STATE OF CALIFORNIA
                          Respondent

Nature of Proceedings:  **ORDER OF THE COURT**
                        **REGARDING PETITION FOR WRIT OF HABEAS CORPUS**

                                                          **Case No. 77612**
                                                          **PFN:    ANJ502**
                                                          **CEN: 3011165**

Petition is denied. The Petition fails to state a prima facie case for relief. Even though Petitioner has submitted
numerous documents in support of his Petition, review of the transcripts provided and documents pertaining to the
January 20, 2006 hearing, indicate that there was no abuse of discretion by the Board of Prison Terms. The factual
basis of the BPT's decision granting or denying parole is subject to a limited judicial review. A Court may inquire
only whether some evidence in the record before the BPT supports the decision to deny parole. The nature of the
offense alone can be sufficient to deny parole. (In Re Rosenkrantz (2002) 29 Cal 4th 616, 652, 658, 682. The record
presented to this Court for review demonstrates that there was certainly some evidence, including, but not limited to
the committing offense, Petitioner's limited programming while in custody, Petitioner's insufficient participation in
self help and therapy programs, Petitioner's lack of alternative parole plans, Petitioner's limited viable job skills
necessary to secure employment once released and the board's impression that Petitioner is in need of additional
one on one counseling to enable him to deal with stress and pressure. There is nothing in the record that indicates
that the Board's decision was arbitrary or capricious, nor that Petitioner's equal protection or due process rights
were violated. Thus, Petitioner has failed to meet his burden of sufficiently proving or supporting the allegations that
serve as the basis for habeas relief.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause.
I served **ORDER OF THE COURT** by placing copies in envelopes addressed as shown below and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below,
in the United States mail at Alameda County, California, following standard court practices.

Harold D. Dyson
CDC or ID Number C-80683
Correctional Training Facility
P.O. Box 689 (Z-341-L)
Soledad, CA 93960-0689

Dated:  October 31, 2006

By: _____
       Fil R. Cruz, Deputy Clerk

Writ - 77612 Dyson, Harold

Name  HAROLD D. DYSON/C-80683

Address  Correctional Training Facility

P.O. Box 689 ( Z-341-L )

Soledad, CA 93960-0689

CDC or ID Number  C-80683



## THE SUPERIOR COURT OF CALIFORNIA

ALAMEDA COUNTY
*(Court)*

HAROLD D DYSON,

Petitioner

vs.

MARGARITA PEREZ, CHAIRPERSON, BOARD OF PRISON TERMS; A.P. KANE, WARDEN;

. Respondent A. SCHWAREZENEGGER, GOVERNOR; et al.,

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

### INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

WEST GROUP
Official Publisher

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

**This petition concerns:**

☐ A conviction                 ☒ Parole

☐ A sentence                   ☐ Credits

☐ Jail or prison conditions    ☐ Prison discipline

☒ Other (specify): __Illegal denial of Parole Suitability by California Board of Prison Terms.__

1. Your name: _____

2. Where are you incarcerated? ___Correctional Training Facility - Soledad___

3. Why are you in custody? ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
      __P.C. 187__

   b. Penal or other code sections: __p.c.187__

   c. Name and location of sentencing or committing court: __ALAMEDA COUNTY__

   d. Case number: __77612__

   e. Date convicted or committed: __1984__

   f. Date sentenced: __1984__

   g. Length of sentence: __15 to life__

   h. When do you expect to be released? __"UNKNOWN"__

   i. Were you represented by counsel in the trial court? ☒ Yes.  ☐ No. If yes, state the attorney's name and address:
      __JUDITH BROWN/ALAMEDA COUNTY PUBLIC DEFENDERS OFFICE__

4. What was the LAST plea you entered? *(check one)*

   ☐ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: __PLEA BARGAIN__

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

SEE ATTACHED

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

SEE ATTACHED

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

SEE ATTACHED

THE BOARD OF PRISON TERMS ILLEGALLY USED PENAL CODE
SECTION 3041 (b) [THE EXCEPTION] TO FIND PETITIONER
UNSUITABLE FOR PAROLE, THE DECISION WAS ARBITRARY
AND CAPRICIOUS, INDIRECT VIOLATION OF PETITIONER'S
STATE AND FEDERAL DUE PROCESS RIGHTS.  THERE IS NOT
A MODICUM OF EVIDENCE THAT PETITIONER IS A CURRENT
THREAT TO SOCIETY OR UNSUITABLE FOR PAROLE.

On **JANUARY 24,** _____, 200**6**, Petitioner **HAROLD D. DYSON**_____ , ( hereinafter "Petitioner" ),

was provided a Life Term Parole Consideration Hearing before the Board of Prison Terms (here-

inafter "Board"; please refer to Exhibit "A" which is the Hearing Transcript , hereinafter "HT".)

Said Board hearing was petitioner's ___**EIGHT'S**___ ( **8th** ) parole suitability hearing. Petitioner's

minimum eligible release date was___**JULY 1992**_____ ,_____ [1]. The purpose of this Board

hearing was for the setting of Petitioner's term uniformly [2] to his offense and for a finding of

suitability for parole ( please See Penal code § 3041.5; In re Edward Ramirez, 94 Cal. App. 4th

541 ( 2001 ); McQuillion v. Duncan, ( 9th Cir. ) 306 F. 3d 895 ; In re Norman G. Morrall,

(2002 ) 102 Cal. App. 4th 280 ; In re Rosenkrantz, ( 2002 ) 29 Cal. 4th 660 ; In re Mark Smith,

(2003 ) Cal. App. 4th 343 ; and the recent Biggs v. Terhune, ( 2003 9th Cir. ) 334 F. 3 d 910 .

The consequent result of this Board hearing was an erroneous and unlawful finding of

unsuitability and a release date was not set; Petitioner was given a **TWO YEARS** ( **2** ) year denial

---

1 - The Court of Appeal in In re George Scott, (2004) 119 Cal.App.4th 871, reaffirmed the rationale of the
Ramirez and Smith Courts when it declared "...parole is the rule, rather than the exception, and conviction
for second degree murder does not automatically render one unsuitable. (In re Smith, (2003) 114 Cal.. App.
4th 343, 366). In re Ramirez, supra, 94 Cal.App.4th 549 ...[a]ll violent crimes demonstrates the perpetrator's
potential for posing a grave risk to public safety, yet parole is mandatory for violent felons serving determi-
nate sentences. Pen. Code § 3000, subd. (b)(1).) And the Legislature has clearly expressed its intent that
when murders - who are the grate majority of inmates serving indeterminate sentences - approach their
minimum eligible parole date, the Board 'shall normally set a parole release date...' (id. at p. 570).
2 - The Court of Appeal on June 24, 2004, in In re George Scott, supra, 119 Cal.App.4th at 887 fn.7, also
reaffirmed the Legislative Intent of Uniform Terms by stating: "The first two sentences of the DSL declare
'that the purpose of imprisonment or a crime is punishment' and that '[t]his purpose is best served by terms
proportionate to the seriousness of the offense with provisions for uniformity in the sentences of offenders
committing the same offense under similar circumstances. ( Pen. Code, § 1170, subd. (a)(1).) Nothing in the
DSL or its legislative history suggests that legislative concern with uniformity was limited to those serving
determinate terms. Penal Code 3041 shows that this interest does extend to individuals such as [petitioner]
who are serving indeterminate life terms. (id., citing, Ramirez, supra, 94 Cal. App. at 559.)

1  and did not appeal this decision through the Administrative remedy because the Board of Prison Terms has

2  eliminated the BPT Appeals Unit and no longer allows for the filing of administrative appeals on BPT

3  denials of parole for indeterminately sentenced prisoners such as myself. Petitioner submits that the

   Board's regulation, that is the California Code of Regulations ( hereinafter "CCR" ) , §2402 (a),

4  **DEMANDS that the Board set a release date unless Petitioner CURRENTLY presents a risk of**

5  **danger to the public.** Petitioner submits that the representing District Attorney did not provide any new

6  and /or additional evidence whatsoever that Petitioner was an unreasonable risk, a danger to the public, or

7  otherwise unsuitable for parole.

8      Additionally, Petitioner submits that the Board speaks in meaningless generalities and fails to

9  address the exact nature of Petitioner's **CURRENT** character. By not doing so, the Board violated the

10 intent and spirit Penal Code ( hereinafter "PC" ), § 3041.5 [3], and In re Ramirez, supra, which dictates that

   "[T]he Board shall NORMALLY set a parole release." ( citing Biggs v. Terhune, et al., supra ).

11     The Court in Biggs, supra, held that the Board's continued use of the crime as a basis for denial of

12 parole violates both State and Federal due process. For the past **SEVENTEEN** years (_17_) the Petitioner has

13 had no occurrence of serious violent disciplinary action, thus exemplifying himself as a model prisoner;

14 Petitioner seeks acknowledgement of the facts that since _6/1/98_ , there has been thereafter a continuous

15 **NINE**  (_9_) year history free of any disciplinary action and or occurrence. Petitioner submits that

16 the Board's failure to uniformly measure his offense and setting his term proportionately to others simi-

17 larly situated, and to find him suitable for parole, violates both State and Federal due process. Also, the

18 current policy of the Board, which will be discussed more fully infra, is the setting of a parole date which

19 is all too often the exception rather than the norm, and thus violates the Petitioner's liberty interest that is

   present in a parole date; In re Rosenkrantz, supra; McQuillion v. Duncan, supra; Biggs v. Terhune, et al.,

20 supra. At the Petitioner's Board hearing, the Board relied **SOLELY** on the commitment offense and prior

21 history to justify it's unlawful finding of unsuitability. Beginning at HT, pg. _"44/45_ , the Board stated:

22 BEGINNING AT LINE (13)"THE OFFENSE WAS CARRIED OUT IN AN ESPECIALLY CRUEL AND CALLOUS

23 MANNER," AT LINE (22),THE OFFENSE WAS CARRIED OUT IN A DISPASSIONATE MANNER,DEMONS-

24 TRATING AN EXCEPTIONALLY CALLOUS DISREGARD FOR HUMAN SUFFERING." PAGE(45) LINE 5-thru

25 7." AS TO YOUR PRIOR RECORD, YOU HAVE NO PRIOR RECORD AS A JUVENILE OR CONVICTIONS."

26 3 - There is no evidence that the crime is "particularly egregious" to justify the use of the exception of PC §
   3042(b); In re Norman Morrall, supra, the court concluded "[W]e agree that an inmate cannot be denied
   parole simply on the type of offense he committed." (see In re Minnis, 7 Cal. 3d at pg. 647). To the contrary,

27 it falls squarely in the Board's own proportionality matrix "B-III". Without post-conviction credits the
   Petitioner has served THREE  ( 23 ) years ... given post-conviction credits -  plus years - exceeding his

28 matrix - by FIFTEEN( 15 ) years. There is no evidence that Petitioner is a current risk or threat to
   society and the Board's conclusions are not supported by the record (see Biggs, supra,)

2

1    In addition, and with regard to the Petitioner's suitability, the board erred in it's conclusion that

2  Petitioner's Psychiatric Report was not supportive of release ( please refer to HT pg. __45__ - __46__ ), or that

  Petitioner needed additional therapy.  Petitioner's Psychiatric Reports have been much to the contrary, and

3  specifically, Dr. **JOE REED, Ph.D.  STAFF PSYCHOLOGIST ctf** stated(**clinician observations (XV)**
   **A, THIS INMATE IS COMPETENT AND RESPONSIBLE FOR HIS BEHAVIOR.HE HAS THE CAPACITY TO**
4  **ABIDE BY INSTUTIONAL STANDARDS.**
   **B. THIS INMATE DOES NOT HAVE A MENTAL DISORDER WHICH WOULD NECESSITATE TREATMENT,EITHER**
5  **DURRING HIS INCARCERATION PERIOD OR FOLLOWING UPON PAROLE.**
   **C. THIS INMATE DOES NOT APPEAR TO HAVE A SIGNIFICANT DRUG OR ALCOHOL PROBLEM, AND THERE**
6  **ARE NO RECOMMENDATIONS IN THIS AREA.**

7

8

   And under " Assessment of Dangerousness" Dr. **JOE REED,Ph.D. STAFF PSYCHOLOGIST (CTF)** stated:
9  **A. HIS  RISK FOR VIOLENT BEHAVIOR WITHIN A CONTROLLED SETTING IS CONSIDERED TO BE**
   **LOW RELATIVE TO THIS LEVEL 11 INMATE POPULATIO. THIS CONCLUSION IS BASED UPON**
10 **SEVERAL FACTORS.**
   **B. IF RELEASED TO THE COMMUNITY, HIS VIOLENCE POTENTIAL IS CLINICALLY ESTIMATED TO**
11 **BE NO GREATER THAN THE AVERAGE CITIZENS.**
   **C. THERE ARE NO SIGNIFICANT RISK FACTOR WHICH MAY BE PRECURSORS TO VIOLENCE FOR THIS**
12 **INDIVIDUAL.**

13

14  (see Psych Evaluation Exhibit " **"B"** " attached hereto).

15    Petitioner's Counselor's Report, authored by CC-I ___ **G. PEABODY.** ___, has placed his

16  level of dangerousness at low to moderate. Wherein CC-I ___ **G, PEABODY** ___, in part, states:
   **VI ( SUMMARY )**

17
   **A.   HAROLD DYSON HAS NO CRIMINAL BACKGROUND,AS A JUVENILE OR AS AN ADULT.**
18      **DOCUMENTATION IN HIS CENTRAL FILE INDICATES THAT HE WAS SUFFERING FROM MULTIPLE**
       **STRESSORS AT THE TIME THAT HAVE SINCE DISSIPATED.  THEREFORE, CONSIDERING THE**
19      **COMMITMENT OFFENSE, PRIOR RECORD AND PRISON ADJUSTMENT,  THIS WRITER BELIVES THAT**
       **THE PRISONER WOULD POBABLY CONTINUE TO POSE  THE LOW DEGREE OF THREAT TO THE**
20      **PUBLIC AT THIS TIME, IF RELEASED FROM PRISON THAT HE HAD BEEN ASSESSED IN THE**
       (see Exhibit " C " attached hereto). **PREVIOUS REPORT TO THE BOARD OF PRISON TERMS.**

21    Additionally, the Board ignored that Petitioner has been deemed by the California Department of

22  Corrections a **Model** prisoner with A-1-A status, and Not a threat to society, and further ignored that

23  Petitioner's crime is not "particularly egregious" by placing Petitioner in a Level II prison setting. [4]

24  4 - California Code of Regulations, Title 15, section 3375.2 subd. (7)(A) states "An inmate serving any life
    term shall not be housed in a Level I or II facility if any of the following case factors are present: The Com-
25  mitment offense involved... unusual violence...." And on June 24, 2004, the Court of Appeal in In  Clare
    Scott, supra, 119 Cal.App.4th at 892 fn.11, found that the Board's regulation provide that even if the crir
26  is "exceptionally callous" an inmate may be found suitable for parole. The Court declared that " Under the
    Board regulations, base terms for life prisoners are not calculated until after an inmate is deemed suitable  -
27  release. ( § 2282, subd. (a).)  The regulations therefore contemplate that an inmate may be deemed suitable
    for release even though his offense demonstrated 'exceptionally callous disregard for human suffering.
28  2402, subd. (c)(1)(D).)" (id.)

                                        3

Again, In re Norman G. Morrall, supra, the Court concluded " A refusal to consider the particular circumstances relevant to an inmate's individual suitability for parole would be contrary to law." Moreover, the Court in Biggs, supra, addressed the Board's continued illegal usage of the crime and / or prior history to justify a denial of parole:

> " . . . a continued reliance . . . on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation". (Biggs, supra, 334 F.3d at 917).

In Biggs, supra, the appeal was pursuant to his initial suitability hearing. The Petitioner has now had __EIGHT__ ( _8_ ) Board hearings and submits that his most recent denial rests solely on the commitment offense, and therefore violates both State and Federal due process. Most importantly, there is no evidence that the public requires a lengthier period of incarceration ( please refer to PC § 3041 (b)), in relation to other instances of the same crime (please refer to 3041. 5).

Petitioner submits understanding and perspective of the crime is compelled by the Board's own proportionately matrix (please refer to CCR Division 2, §2403 (c). The matrix scale and rating of the more common and routine variations of murder appear to be codification of when a crime of this nature can be more egregious than average. Petitioner submits that his crime falls squarely in the matrix [category of __18-19-20__' ( __B-III__]. With post-conviction credits, Petitioner has exceeded the matrix by more than __FIFTHTEEN__ ( _15_ ) years - and without post-conviction credit application, the Petitioner has served his matrix. The Board fails in any attempt to substantiate why Petitioner's crime is so heinous as to require that Petitioner be expected time and time again from the general rule that a parole date shall normally be set; please see In re Ramirez, supra, wherein the court:

> "The Board must weigh the inmate's criminal conduct not against ordinary social norms, but against other instances of the same crime or crimes. (Ramirez, supra, 94 Cal.App.4th at p. 570).

Petitioner submits that the record is devoid of the Board making such a comparison. Similarly, Petitioner's Psychiatric Report evidence, like Biggs, supra, is supportive of release; contrary to the Board's erroneous and specious findings ( please see Exhibit " _B_ " and " _C_ "). The Court in Biggs, addressed the Board's illegal usage of needed therapy and other illegal reasons to justify a highly illegal denial; the Court concluded:

4

1                 **"The record in this case and the transcript of Bigg's hearing**
                **before the Board clearly show that <u>many of the conclusions</u>**

2                 **<u>and factors relied on by the Board were devoid of evidentiary</u>**
                **<u>basis .</u>"** (**Biggs**, supra, 334 F.3d at p. 915)

3

4        The Court in <u>Biggs</u>, supra, went on to warn the Board that while there was "some evidence" to use

5 the crime as a basis for denial at his <u>initial</u> hearing, the board's continued use of the crime as a basis for

6 continuous denials would be violative of Bigg's Federal due process rights. Petitioner submits that the

7 Board's <u>sole</u> usage of the initial commitment offense and / or prior social history, as a continued basis to

8 deny him a parole date, has violated his 5th and 14th Amendment rights under the United States Constitu-
tion to not be deprived of his liberty. The Court in <u>Biggs</u>, supra, also held:

9

10                 **" [T]o ensure that a state created parole scheme serves the public**

11                 **interest purposes of rehabilitation and deterrence, the Parole Board**
                **must be cognizant not only of the factors required by state statue to**

12                 **be considered, but also the concepts embodied in the <u>Constitution</u>**
                **requiring <u>due process of law</u> . . . "** [please see e.g. in <u>Greenholtz</u>,

13                 442 U.S. at 7-8.]." (**Biggs**, supra, 334 F.3d at p. 916)

14                 **"The Parole Board's sole supportable reliance**
                **on the gravity of the offense and conduct prior to imprisonment to**

15                 **justify denial of Parole can be initially justified as fulfilling the**
                **requirements set forth by state law. Over time however, should**

16                 **Biggs continue to demonstrate exemplary behavior and evidence**
                **of rehabilitation, <u>denying him a parole date simply because of the</u>**

17                 **<u>nature of his offense and prior conduct would raise serious questions</u>**
                **<u>involving his liberty interest in parole . . . ."</u>** (id).

18

19        Petitioner also submits that the Board has adopted an anti and / or no parole policy per se, or a

20 policy of underinclusion demonstrating a policy of systematic bias; granting only an approximate 232

21 parole dates out of over 11, 000 Board hearings,  thus violating the legislative intent of PC § 3041. 5,

22 that " . . . a parole release date <u>shall normally</u> be set in a manner that will provide <u>uniform</u> terms for

23 offenders with crimes of similar gravity and magnitude . . ." and, petitioner's State and Federal due pro-
cess rights as well (please refer to <u>In re Ramirez</u>, supra, pg. 565). Petitioner contends that the evidenced

24 behavior by a quasi-judicial Board, of policy demonstrating an approximate 98.5% denial rate, supports

25 the premise that such a policy exists ( i. e. , anti and / or no parole policy, or, a policy of uderinclusion or

26 systematic bias): this policy violates the strictures of substantive due process.

27        The existence of said policy in denying parole may explain why the Board only grants parole in

28 less than two (2) percent of the cases it hears; it also explains the bias demonstrated in the present case

1  In this case, petitioner's own circumstance, the Board's pronouncement of numerous and unlawful conclu-

2  sions is not supported by the evidence, and, said violates the process due to petitioner under both the State

3  and Federal Constitutions.  Based upon the herein demonstrated bias, the Board's decision cannot be

4  shielded by the "some evidence" standard.  The only appropriate standard is independent review.

5

6

7                                **CONCLUSION**

8

9

10

11       The Board's decision was arbitrary and capricious.  The Petitioner did not receive a fair hearing

12  nor will he ever.

13

14

15       Petitioner submits and contends that the finding of unsuitability was arbitrary and capricious (due

16  to the Board carrying out it's political function of adhering to a no or anti-parole policy), due to the

17  Board's acting contrary to the intent and spirit of PC  §3041 (b), and, due to it's refusal to adhere to afore-

18  mentioned decisions and the controlling authorities.

19       The Petitioner prays this Court order him discharged and / or released, or at the very least, direct

20  the Board to issue a decision within ten (10) days granting parole, setting his term "uniformly" as man-

21  dated by the legislature.

22  / / /

23  / / /

24  / / /

25

26

27

28                                          6

## PRAYER FOR RELIEF

1. Issue an Order to Show Cause on an expedited basis

2. Appoint Counsel

3. Conduct an Evidentary Hearing;

4. Order Petitioner's appearance before the Court;

5. Order Petitioner taken back before the Board for a finding of suitability within ten (10) days, or in the alternative, order Petitioner released forthwith; and,

6. Declatory relief;

7. Any other relief this court deems fair, just and appropriate.

///

///

///

///

7

7. **Ground 2 or Ground** _____ (*if applicable*):

_____

_____

_____

_____

   a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

   b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8.  Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No.    If yes, give the following information:

a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
_____

b.  Result: _____   c.  Date of decision: _____

d.  Case number or citation of opinion, if known: _____

e.  Issues raised:   (1) _____

(2) _____

(3) _____

f.  Were you represented by counsel on appeal? ☐ Yes. ☐ No.  If yes, state the attorney's name and address, if known:
_____

9.  Did you seek review in the California Supreme Court? ☐ Yes. ☐ No.    If yes, give the following information:

a.  Result: _____   b.  Date of decision: _____

c.  Case number or citation of opinion, if known: _____

d.  Issues raised:   (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
_____
_____

11. Administrative Review:

a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

The Board of Prison Terms has eliminated the BPT Appeals Unit and no longer allows

the filing of Administrative Appeals on BPT denials of parole for indeterminately

sentenced prisoners such as myself.

There is No longer an administrative remedy, therefore exhaustion is impossible.

_____
_____
_____
_____

b.  Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]          **PETITION FOR WRIT OF HABEAS CORPUS**          WEST GROUP Official Publisher          Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?   ☐ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised:  (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised:  (a) _____

      (b) _____

   (4) Result (Attach order or explain why unavailable): _____

   (5) Date of decision: _____

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

There has been no delays.

16. Are you presently represented by counsel?   ☐ Yes.   ☐ No.  If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?   ☐ Yes.   ☐ No.  If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

This Court has original jurisdiction in habeas proceedings.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 10/23/06

▶ _Harold D. Person_
(SIGNATURE OF PETITIONER)

EXHIBIT A