# EXHIBIT  G



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
IN AND FOR THE
FIRST APPELLATE DISTRICT
DIVISION FIVE

In re HAROLD D. DYSON on Habeas Corpus.

**FILED**

DEC 0 6 2006

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____

Court of Appeal No.  A115919
Alameda Co. Super. Ct. No.77612

BY THE COURT:*

        The petition for writ of habeas corpus is denied.

Date___DEC 06 2006___         ___SIMONS, J.___Acting P.J.

* Before Simons, Acting P.J., Gemello, J. and Miller, J. (Judge of the San Francisco
County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of
the California Constitution)

MC-275

Name **HAROLD D. DYSON**

Address **CORRECTIONAL TRAINING FACILITY**

**P.O. BOX "689" (Z-341-L)**

**SOLEDAD, CALIF. 93960-0689**

CDC or ID Number **C-80683**



## CALIFORNIA APPELLATE COURT

### FIRST APPELLATE DISTRICT-SAN FRANCISCO
(Court)

| | |
|---|---|
| **HAROLD D. DYSON** | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs. | No _____ |
| **MARGARITA PEREZ,CHAIRPERSON,B.P.T.** | *(To be supplied by the Clerk of the Court)* |
| **A.P. KANE,WARDEN:** | |
| Respondent **A,SCHWAREZNEGGER,GOVERNOR,CALIF.** | |
| **et al.,** | |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005] Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal Rules of Court, rule 60(a)

American LegalNet, Inc
www.USCourtForms.com

This petition concerns:

☐ A conviction                    ☒ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☒ Other (specify):  Illegal denial of Parole Suitability by California Board of Prison Terms.

1. Your name: _____

2. Where are you incarcerated?  Correctional Training Facility - Soledad

3. Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
      P.C. 187

      _____

      _____

   b. Penal or other code sections:  p.c.187

   c. Name and location of sentencing or committing court:  ALAMEDA COUNTY

      _____

   d. Case number.  77612

   e. Date convicted or committed:  1984

   f. Date sentenced:  1984

   g. Length of sentence  15 to life

   h. When do you expect to be released?  "UNKNOWN"

   i. Were you represented by counsel in the trial court?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address:

      JUDITH BROWN/ALAMEDA COUNTY PUBLIC DEFENDERS OFFICE

      _____

4. What was the LAST plea you entered? (check one)

   ☐ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other:  PLEA BARGAIN

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6   GROUNDS FOR RELIEF
    **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal
    enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For
    additional grounds, make copies of page four and number the additional grounds in order.)*

    SEE ATTACHED

    _____

    _____

    _____

    a   Supporting facts:
        Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon
        which your conviction is based. If necessary, attach additional pages. CAUTION: You must state facts, not conclusions. For
        example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or
        failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re
        Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or
        place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

        SEE ATTACHED

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

    b   Supporting cases, rules, or other authority (optional):
        *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary,
        attach an extra page.)*

        SEE ATTACHED

        _____

        _____

        _____

        _____

THE BOARD OF PRISON TERMS ILLEGALLY USED PENAL CODE SECTION 3041 (b) [THE EXCEPTION] TO FIND PETITIONER UNSUITABLE FOR PAROLE, THE DECISION WAS ARBITRARY AND CAPRICIOUS, INDIRECT VIOLATION OF PETITIONER'S STATE AND FEDERAL DUE PROCESS RIGHTS.  THERE IS NOT A MODICUM OF EVIDENCE THAT PETITIONER IS A <u>CURRENT</u> THREAT TO SOCIETY OR UNSUITABLE FOR PAROLE.

On <u>JANUARY 24,</u> , 2006, Petitioner <u>HAROLD D. DYSON</u> , ( hereinafter "Petitioner" ), was provided a Life Term Parole Consideration Hearing before the Board of Prison Terms (hereinafter "Board"; please refer to Exhibit "A" which is the Hearing Transcript , hereinafter "HT".) Said Board hearing was petitioner's <u>EIGHT'S</u> ( <u>8th</u> ) parole suitability hearing. Petitioner's minimum eligible release date was <u>JULY 1992</u> , <u>            </u> [1]. The purpose of this Board hearing was for the setting of Petitioner's term uniformly [2] to his offense and for a finding of suitability for parole ( please See Penal code § 3041.5; <u>In re Edward Ramirez</u>, 94 Cal. App. 4th 541 ( 2001 ); M<sup>c</sup>Quillion <u>v. Duncan</u>, ( 9th Cir. ) 306 F. 3d 895 ; <u>In re Norman G. Morrall</u>, (2002) 102 Cal. App. 4th 280 ; <u>In re Rosenkrantz</u>, ( 2002 ) 29 Cal. 4th 660 : <u>In re Mark Smith</u>, (2003 ) Cal. App. 4th 343 ; and the recent <u>Biggs v. Terhune</u>, ( 2003 9th Cir. ) 334 F. 3 d 910 .

The consequent result of this Board hearing was an erroneous and unlawful finding of unsuitability and a release date was not set; Petitioner was given a <u>TWO YEARS</u> ( <u>2</u> ) year denial

---

1 - The Court of Appeal in <u>In re George Scott</u>, (2004) 119 Cal.App.4th 871, reaffirmed the rationale of the <u>Ramirez</u> and <u>Smith</u> Courts when it declared "...parole is the <u>rule</u>, rather than the exception, and conviction for second degree murder does not automatically render one unsuitable. (<u>In re Smith</u>, (2003) 114 Cal.. App. 4th 343, 366). <u>In re Ramirez</u>, supra, 94 Cal.App.4th 549 ...[a]ll violent crimes demonstrates the perpetrator's potential for posing a grave risk to public safety, yet parole is mandatory for violent felons serving determinate sentences. Pen. Code § 3000, subd. (b)(1).) And the Legislature has clearly expressed its intent that when murders - who are the grate majority of inmates serving indeterminate sentences - <u>approach their minimum eligible parole date, the Board 'shall normally set a parole release date...</u>" (id. at p. 570).

2 - The Court of Appeal on June 24, 2004, in <u>In re George Scott</u>, supra, 119 Cal.App.4th at 887 fn.7, also reaffirmed the Legislative Intent of Uniform Terms by stating: "The first two sentences of the DSL declare 'that the purpose of imprisonment or a crime is punishment' and that '[t]his purpose is best served by terms proportionate to the seriousness of the offense with provisions for uniformity in the sentences of offenders committing the same offense under similar circumstances. ( Pen. Code, § 1170, subd. (a)(1).) Nothing in the DSL or its legislative history suggests that legislative concern with uniformity was limited to those serving determinate terms. Penal Code 3041 shows that this interest <u>does</u> extend to individuals such as [petitioner] who are serving indeterminate life terms. (id., citing, <u>Ramirez</u>, supra, 94 Cal. App. 4th at 559.)

1  and did not appeal this decision through the Administrative remedy because the Board of Prison Terms has

2  eliminated the BPT Appeals Unit and no longer allows for the filing of administrative appeals on BPT

3  denials of parole for indeterminately sentenced prisoners such as myself. Petitioner submits that the

4  Board's regulation, that is the California Code of Regulations ( hereinafter "CCR" ) , §2402 (a),

   DEMANDS that the Board set a release date unless Petitioner CURRENTLY presents a risk of

5  danger to the public. Petitioner submits that the representing District Attorney did not provide any new

6  and /or additional evidence whatsoever that Petitioner was an unreasonable risk, a danger to the public, or

7  otherwise unsuitable for parole.

8       Additionally, Petitioner submits that the Board speaks in meaningless generalities and fails to

9  address the exact nature of Petitioner's CURRENT character. By not doing so, the Board violated the

10 intent and spirit Penal Code ( hereinafter "PC" ), § 3041.5 [3], and In re Ramirez, supra, which dictates that

   "[T]he Board shall NORMALLY set a parole release." ( citing Biggs v. Terhune, et al., supra ).

11      The Court in Biggs, supra, held that the Board's continued use of the crime as a basis for denial of

12 parole violates both State and Federal due process. For the past SEVENTEEN years (__17) the Petitioner has

13 had no occurrence of serious violent disciplinary action, thus exemplifying himself as a model prisoner;

14 Petitioner seeks acknowledgement of the facts that since _6/1/98_, there has been thereafter a continuous

15 NINE ( 9 ) year history free of any disciplinary action and or occurrence. Petitioner submits that

16 the Board's failure to uniformly measure his offense and setting his term proportionately to others simi-

17 larly situated, and to find him suitable for parole, violates both State and Federal due process. Also, the

18 current policy of the Board, which will be discussed more fully infra, is the setting of a parole date which

19 is all too often the exception rather than the norm, and thus violates the Petitioner's liberty interest that is

20 present in a parole date; In re Rosenkrantz, supra; McQuillion v. Duncan, supra; Biggs v. Terhune, et al.,

   supra. At the Petitioner's Board hearing, the Board relied SOLELY on the commitment offense and prior

21 history to justify it's unlawful finding of unsuitability. Beginning at HT, pg. _"44/45_ , the Board stated:

22 BEGINNING AT LINE (13)"THE OFFENSE WAS CARRIED OUT IN AN ESPECIALLY CRUEL AND CALLOUS

23 MANNER," AT LINE (22),THE OFFENSE WAS CARRIED OUT IN A DISPASSIONATE MANNER,DEMONS-

24 TRATING AN EXCEPTIONALLY CALLOUS DISREGARD FOR HUMAN SUFFERING." PAGE(45) LINE 5-thru

25 7." AS TO YOUR PRIOR RECORD, YOU HAVE NO PRIOR RECORD AS A JUVENILE OR CONVICTIONS."

   3 - There is no evidence that the crime is "particularly egregious" to justify the use of the exception of PC §
26 3042(b); In re Norman Morrall, supra, the court concluded "[W]e agree that an inmate cannot be denied
   parole simply on the type of offense he committed." (see In re Minnis, 7 Cal. 3d at pg. 647). To the contrary,
27 it fails squarely in the Board's own proportionality matrix "B-III". Without post-conviction credits the
   Petitioner has served THREE ( 23 ) years ... given post-conviction credits -    plus years · exceeding l-
28 matrix - by FIFTEEN ( 15 ) years. There is no evidence that Petitioner is a current risk or threat to
   society and the Board's conclusions are not supported by the record (see Biggs, supra,)

In addition, and with regard to the Petitioner's suitability, the board erred in it's conclusion that

Petitioner's Psychiatric Report was not supportive of release ( please refer to HT pg. __45__ - __46__ ), or that

Petitioner needed additional therapy. Petitioner's Psychiatric Reports have been much to the contrary, and

specifically, Dr. JOE REED, Ph.D.    STAFF PSYCHOLOGIST ctf stated(**clinician observations (XV)**
**A, THIS INMATE IS COMPETENT AND RESPONSIBLE FOR HIS BEHAVIOR. HE HAS THE CAPACITY TO**
**ABIDE BY INSTUTIONAL STANDARDS.**
**B. THIS INMATE DOES NOT HAVE A MENTAL DISORDER WHICH WOULD NECESSITATE TREATMENT, EITHER**
**DURRING HIS INCARCERATION PERIOD OR FOLLOWING UPON PAROLE.**
**C. THIS INMATE DOES NOT APPEAR TO HAVE A SIGNIFICANT DRUG OR ALCOHOL PROBLEM, AND THERE**
**ARE NO RECOMMENDATIONS IN THIS AREA.**

And under " Assessment of Dangerousness" Dr. JOE REED,Ph.D. STAFF PSYCHOLOGIST (CTF) stated:
**A. HIS  RISK FOR VIOLENT BEHAVIOR WITHIN A CONTROLLED SETTING IS CONSIDERED TO BE**
   **LOW RELATIVE TO THIS LEVEL 11 INMATE POPULATIO. THIS CONCLUSION IS BASED UPON**
   **SEVERAL FACTORS.**
**B. IF RELEASED TO THE COMMUNITY, HIS VIOLENCE POTENTIAL IS CLINICALLY ESTIMATED TO**
   **BE NO GREATER THAN THE AVERAGE CITIZENS.**
**C. THERE ARE NO SIGNIFICANT RISK FACTOR WHICH MAY BE PRECURSORS TO VIOLENCE FOR THIS**
   **INDIVIDUAL.**

(see Psych Evaluation Exhibit " **"B"** " attached hereto).

Petitioner's Counselor's Report, authored by CC-I ___G. PEABODY.___, has placed his

level of dangerousness at low to moderate. Wherein CC-I ___G, PEABODY___ , in part, states:
**VI ( SUMMARY )**

**A.  HAROLD DYSON HAS NO CRIMINAL BACKGROUND,AS A JUVENILE OR AS AN ADULT.**
**DOCUMENTATION IN HIS CENTRAL FILE INDICATES THAT HE WAS SUFFERING FROM MULTIPLE**
**STRESSORS AT THE TIME THAT HAVE SINCE DISSIPATED.  THEREFORE, CONSIDERING THE**
**COMMITMENT OFFENSE, PRIOR RECORD AND PRISON ADJUSTMENT,  THIS WRITER BELIVES THAT**
**THE PRISONER WOULD POBABLY CONTINUE TO POSE  THE LOW DEGREE OF THREAT TO THE**
**PUBLIC AT THIS TIME, IF RELEASED FROM PRISON THAT HE HAD BEEN ASSESSED IN THE**
(see Exhibit " C " attached hereto). PREVIOUS REPORT TO THE BOARD OF PRISON TERMS.

Additionally, the Board ignored that Petitioner has been deemed by the California Department of

Corrections a Model prisoner with A-1-A status, and Not a threat to society, and further ignored that

Petitioner's crime is not "particularly egregious" by placing Petitioner in a Level II prison setting. [4]

4 - California Code of Regulations, Title 15, section 3375.2 subd. (7)(A) states ' An inmate serving any life
term shall not be housed in a Level I or II facility if any of the following case factors are present: "... C....
mitment offense involved... unusual violence...." And on June 24, 2004, the Court of Appeal in In __ __ r..
Scott, supra, 119 Cal.App.4th at 892 fn.11, found that the Board's regulatic provide that even if the cri-
is "exceptionally callous" an inmate may be found suitable for parole. The Court declared that " Under th...
Board regulations, base terms for life prisoners are not calculated until after an inmate is deemed suitable -
release. ( § 2282, subd. (a).) The regulations therefore contemplate that an inmate may be dee ed suit : :
for release even though his offense demonstrated 'exceptionally callous disregard for human su. erin:
2402, subd. (c)(1)(D).)" (id.)

3

Again, In re Norman G. Morrall, supra, the Court concluded " A refusal to consider the particular circumstances relevant to an inmate's individual suitability for parole would be contrary to law." More-

3  over, the Court in Biggs, supra, addressed the Board's continued illegal usage of the crime and / or prior

4  history to justify a denial of parole:

5                      **" . . . a continued reliance . . . on an unchanging factor, the circumstances**
                    **of the offense and conduct prior to imprisonment, runs contrary to the**

6                      **rehabilitative goals espoused by the prison system and could result in a due**
                    **process violation". (Biggs, supra, 334 F.3d at 917).**

7

8      In Biggs. supra, the appeal was pursuant to his initial suitability hearing. The Petitioner has now

9  had __**EIGHT**__ ( _8_ ) Board hearings and submits that his most recent denial rests solely on the

10  commitment offense, and therefore violates both State and Federal due process. Most importantly, there is

11  no evidence that the public requires a lengthier period of incarceration ( please refer to PC § 3041 (b)), in

12  relation to other instances of the same crime (please refer to 3041. 5).

13      Petitioner submits understanding and perspective of the crime is compelled by the Board's own

14  proportionately matrix (please refer to CCR Division 2, §2403 (c). The matrix scale and rating of the

15  more common and routine variations of murder appear to be codification of when a crime of this nature

16  can be more egregious than average. Petitioner submits that his crime falls squarely in the matrix [cat-

17  egory of **18–19–20**" ( **B–III**). With post-conviction credits, Petitioner has exceeded the matrix by more

than **FIFTHTEEN** ( _15_ ) years - and without post-conviction credit application, the Petitioner has

18  served his matrix. The Board fails in any attempt to substantiate why Petitioner's crime is so heinous as to

19  require that Petitioner be expected time and time again from the general rule that a parole date shall

20  normally be set; please see In re Ramirez, supra, wherein the court:

21

22                      **"The Board must weigh the inmate's criminal conduct not against**
                    **ordinary social norms, but against other instances of the same crime**

23                      **or crimes. (Ramirez, supra, 94 Cal.App.4th at p. 570).**

24      Petitioner submits that the record is devoid of the Board making such a comparison. Similarly,

25  Petitioner's Psychiatric Report evidence, like Biggs, supra, is supportive of release; contrary to the Board's

26  erroneous and specious findings ( please see Exhibit " _B_ " and " _C_ "). The Court in Biggs,

27  addressed the Board's illegal usage of needed therapy and other illegal reasons to justify a highly illegal

28  denial; the Court concluded:

1

2

3

"The record in this case and the transcript of Bigg's hearing before the Board clearly show that <u>many of the conclusions and factors relied on by the Board were devoid of evidentiary basis</u>." (Biggs, supra, 334 F.3d at p. 915)

4      The Court in <u>Biggs</u>, supra, went on to warn the Board that while there was "some evidence" to use

5  the crime as a basis for denial at his <u>initial</u> hearing, the board's continued use of the crime as a basis for

6  continuous denials would be violative of Bigg's Federal due process rights.  Petitioner submits that the

   Board's <u>sole</u> usage of the initial commitment offense and / or prior social history, as a continued basis to

7  deny him a parole date, has violated his 5th and 14th Amendment rights under the United States Constitu-

8  tion to not be deprived of his liberty.  The Court in <u>Biggs</u>, supra, also held:

9

10          " [T]o ensure that a state created parole scheme serves the public

11          interest purposes of rehabilitation and deterrence, the Parole Board
            must be cognizant not only of the factors required by state statue to

12          be considered, but also the concepts embodied in the <u>Constitution</u>
            requiring <u>due process of law</u> . . . " [please see e.g. in <u>Greenholtz</u>,

13          442 U.S. at 7-8.]." (<u>Biggs</u>, supra, 334 F.3d at p. 916)

14           "The Parole Board's sole supportable reliance
            on the gravity of the offense and conduct prior to imprisonment to

15          justify denial of Parole can be initially justified as fulfilling the
            requirements set forth by state law.  Over time however, should

16          Biggs continue to demonstrate exemplary behavior and evidence
            of rehabilitation, <u>denying him a parole date simply because of the</u>

17          <u>nature of his offense and prior conduct would raise serious questions</u>
            <u>involving his liberty interest in parole . . . ."</u> (id).

18

19      Petitioner also submits that the Board has adopted an anti and / or no parole policy per se, or a

20  policy of underinclusion demonstrating a policy of systematic bias; granting only an approximate 232

21  parole dates out of over 11, 000 Board hearings,  thus violating the legislative intent of PC § 3041. 5,

22  that " . . . a parole release date <u>shall normally</u> be set in a manner that will provide <u>uniform</u> terms for

23  offenders with crimes of similar gravity and magnitude . ." and, petitioner's State and Federal due pro-

    cess rights as well (please refer to <u>In re Ramirez</u>, supra, pg. 565).  Petitioner contends that the evidenced

24  behavior by a quasi-judicial Board, of policy demonstrating an approximate 98.5% denial rate, supports

25  the premise that such a policy exists ( i. e. , anti and / or no parole policy, or, a policy of uderinclusion or

26  systematic bias); this policy violates the strictures of substantive due process.

27      The existence of said policy in denying parole may explain why the Board only gr     parole in

28  less than two (2) percent of the cases it hears; it also explains the bias demonstrated in the         .

                                            5

In this case, petitioner's own circumstance, the Board's pronouncement of numerous and unlawful conclusions is not supported by the evidence, and, said violates the process due to petitioner under both the State and Federal Constitutions  Based upon the herein demonstrated bias, the Board's decision cannot be shielded by the "some evidence" standard.  The only appropriate standard is independent review.

<u>CONCLUSION</u>

The Board's decision was arbitrary and capricious.  The Petitioner did not receive a fair hearing nor will he ever.

Petitioner submits and contends that the finding of unsuitability was arbitrary and capricious (due to the Board carrying out it's political function of adhering to a no or anti-parole policy), due to the Board's acting contrary to the intent and spirit of PC §3041 (b), and, due to it's refusal to adhere to aforementioned decisions and the controlling authorities.

The Petitioner prays this Court order him discharged and / or released, or at the very least, direct the Board to issue a decision within ten (10) days granting parole, setting his term "uniformly" as mandated by the legislature.

/ / /
/ / /
/ / /

1

2

## PRAYER FOR RELIEF

3

4
1.  Issue an Order to Show Cause on an expedited basis

5
2.  Appoint Counsel

6
3.  Conduct an Evidentary Hearing;

7
4.  Order Petitioner's appearance before the Court;

8
5.  Order Petitioner taken back before the Board for a finding of suitability within ten (10) days,

9
or in the alternative, order Petitioner released forthwith; and,

10
6.  Declatory relief;

11
7.  Any other relief this court deems fair, just and appropriate.

12
///

13
///

14
///

15
///

16
///

17

18

19

20

21

22

23

24

25

26

27

28

7

7. Ground 2 or Ground _____ (*if applicable*)

_____

_____

_____

_____

   a  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

   b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8  Did you appeal from the conviction, sentence, or commitment?    ☐ Yes    ☐ No.    If yes, give the following information

   a  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court") _____

   b.  Result _____    c  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

              (2) _____

              (3) _____

   f  Were you represented by counsel on appeal?    ☐ Yes.    ☐ No   If yes, state the attorney's name and address, if known: _____

9  Did you seek review in the California Supreme Court?    ☐ Yes    ☐ No.    If yes, give the following information:

   a  Result: _____    b  Date of decision: _____

   c  Case number or citation of opinion, if known. _____

   d  Issues raised    (1) _____

              (2) _____

              (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

11. Administrative Review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

      The Board of Prison Terms has eliminated the BPT Appeals Unit and no longer allows the filing of Administrative Appeals on BPT denials of parole for indeterminately sentenced prisoners such as myself.

      There is No longer an administrative remedy, therefore exhaustion is impossible.

_____

_____

_____

_____

   b  Did you seek the highest level of administrative review available?    ☐ Yes.    ☐ No.

   *Attach documents that show you have exhausted your administrative remedies*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_____

THERE HAS BEEN NO DELAY.

16. Are you presently represented by counsel? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

_____

17 Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

THIS COURT HAS ORIGINAL JURISDICITION IN HABEAS PROCEEDINGS.

I, the undersigned, say I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: NOVEMBER 20th 2006

▶ _____
(SIGNATURE OF PETITIONER)